Filed 2/16/22  Conservatorship of M.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of M.M. | H047439<br>(Santa Clara County<br>Super. Ct. No. 1-19-MH039059) |
| MARY ANN WARREN, as Public Guardian, etc.,<br><br>     Petitioner and Respondent,<br><br>     v.<br><br>M.M.,<br><br>     Objector and Appellant. | |

## I.  INTRODUCTION

After a jury trial, appellant M.M. was found to be gravely disabled within the meaning of the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.).[1] The trial court appointed respondent Public Guardian for Santa Clara County as conservator of the person of appellant.  On appeal, appellant contends that section 5350, subdivision (e)(4) of the LPS Act precluded him from relying on a "third-party assistance defense" at trial in violation of his constitutional rights to equal protection and due process.

---

[1]  All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

He argues that the matter should be remanded for a new trial where he can present such a defense.

While this appeal was pending, appellant's one-year conservatorship expired. Although he acknowledges that his appeal is "technically moot," appellant requests that this court nevertheless address the issues he raises on appeal. For reasons that we will explain, we will dismiss the appeal.

## II. BACKGROUND

According to the record on appeal, in mid-2017, appellant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). He was separately charged with misdemeanor battery (*id*, §§ 242, 243, subd. (b)) and misdemeanor resisting an officer (*id.*, § 148, subd. (a)(1)). The criminal proceedings were suspended after doubt was declared regarding appellant's competency. The trial court subsequently found appellant incompetent to stand trial. In early 2018, appellant was sent to a state hospital for restoration of competency. Later that year, it was determined that appellant's competency would not be restored in the near future.

On March 18, 2019, the public guardian filed a petition for appointment of a conservator of the person of appellant based on him allegedly being gravely disabled (§ 5008, subd. (h)(1)(B). Appellant contested the petition, and a jury trial was scheduled. Prior to trial, the parties stipulated that, "[a]s a result of a mental disorder," appellant was (1) "presently mentally incompetent to stand trial respecting his criminal proceedings . . . ;" (2) "presently unable to understand the nature and purpose of the criminal proceedings taken against him and . . . presently unable to assist his counsel in the conduct of his criminal defense in a rational manner;" (3) "presently unlikely to regain mental competency for purposes of the criminal proceedings taken against him;" (4) "[t]he complaint, indictment, or information pending against [him] . . . charges a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person;" and (5) "[t]here has been a finding of probable cause . . . and the complaint, information, or indictment has not

2

been dismissed." The issue remaining for trial was whether appellant, as a result of a mental disorder, presented a substantial danger of physical harm to others.

In a pretrial motion in limine, the public guardian sought to exclude testimony regarding, among other matters, "third party assistance." The public guardian contended that section 5350, subdivision (e)(4) precluded such evidence because, while a proposed conservatee may have support from family and friends, the proposed conservatee may still present a substantial danger of physical harm to others. The trial court tentatively denied the public guardian's motion and indicated that appellant could present evidence regarding "what he envisions life in the absence of a conservatorship to consist of in order to rebut the testimony about substantial dangerousness." During trial, the court appeared to bar evidence of any third party's plans to provide care for appellant in the future.

On September 16, 2019, the jury found that appellant was presently gravely disabled due to a mental disorder. At a further hearing on September 19, 2019, the trial court orally granted the public guardian's conservatorship petition. In a judgment dated September 24, 2019, and filed on September 25, 2019, the trial court granted the public guardian's petition for appointment of the conservator of the person of appellant. The court also ordered the issuance of letters of conservatorship. The letters of conservatorship state that they expire one year from September 24, 2019.

### III.   DISCUSSION

**A.** *General Legal Principles Regarding the Conservatorship of a Gravely Disabled Person*

Under the LPS Act, "[a] conservator of the person . . . may be appointed for a person who is gravely disabled as a result of a mental health disorder . . . ." (§ 5350.) The LPS Act

3

includes two alternative definitions of "gravely disabled" (§ 5350) for purposes of establishing a conservatorship.

Under the first definition, gravely disabled means "[a] condition in which a person, as a result of a mental health disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter." (§ 5008, subd. (h)(1)(A).)

Under the second definition, which pertains to a Murphy conservatorship and which the jury found applicable to appellant, gravely disabled means: (i) a person who has been criminally charged with a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person; (ii) there has been a finding of probable cause and the felony charge has not been dismissed; (iii) as a result of a mental health disorder, the person is incompetent to stand trial; and (iv) the person represents a substantial danger of physical harm to others by reason of a mental disorder. (§ 5008, subd. (h)(1)(B); see *Jackson v. Superior Court* (2017) 4 Cal.5th 96, 102 (*Jackson*) [discussing § 5008, former subd. (h)(1)(B)].)[2]

Regarding the first definition of gravely disabled, the LPS Act provides in subdivision (e) of section 5350 that "a person is not 'gravely disabled' if that person can survive safely without involuntary detention with the help of responsible family, friends, or others who are both willing and able to help provide for the person's basic personal needs for food, clothing, or shelter." (§ 5350, subd. (e)(1).) However, "[t]his subdivision does not apply to a person" who is subject to a Murphy conservatorship under the second definition of gravely disabled. (*Id.*, subd. (e)(4).)

---

[2] A conservatorship for a person who is gravely disabled under section 5008, subdivision (h)(1)(B) of the LPS Act "is commonly referred to as a 'Murphy conservatorship' after the legislator who sponsored the amendment adding the definition of 'gravely disabled' to the LPS Act. [Citation.]" (*Jackson*, *supra*, 4 Cal.5th at p. 102.)

**B.** *The Appeal is Moot*

In this case, appellant contends that the judgment should be reversed and the matter remanded for a new trial because: (1) his constitutional rights to equal protection and due process were violated under the Murphy conservatorship scheme because section 5350, subdivision (e)(4) precludes application of the "third-party assistance defense" found in subdivision (e)(1), and (2) his trial counsel rendered ineffective assistance by failing to raise the equal protection and due process claims below.

We do not reach the substance of appellant's contentions because his claims are moot. A Murphy conservatorship "automatically terminate[s] one year after the appointment of the conservator by the superior court." (§ 5361; see *Conservatorship of Lee C.* (2017) 18 Cal.App.5th 1072, 1086.) In this case, the trial court appointed a conservator in September 2019. Appellant's one-year conservatorship has since expired. The appeal is now moot. " 'It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal.' [Citations.]" (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866-867 (*Building a Better Redondo, Inc.*).) "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.) Here, appellant seeks reversal of the order or judgment appointing the conservator, and he seeks a new trial on the issue of dangerousness "where he can present a third-party assistance defense." The expiration of the challenged conservatorship, however, prevents us from granting appellant any effective relief.

Appellant, quoting *People v. Fernandez* (1999) 70 Cal.App.4th 117 at page 135 (*Fernandez*), contends that his appeal is not moot because this court's decision " 'may still affect the lower court's right to continue jurisdiction under the original commitment order as

5

well as [any] recommitment.' " We are not persuaded by appellant's reliance on *Fernandez*. In *Fernandez*, the appellant contended that the trial court "lacked jurisdiction" to order an extension of his commitment as a "mentally disordered offender" because certain procedural requirements had not been met, and that therefore the petition seeking to extend his commitment had to be dismissed. (*Id.* at pp. 126, 120, 128.) In this appeal, appellant's claims are not based on a lack of jurisdiction by the trial court.

Although appellant acknowledges that his appeal is "technically moot," he requests that this court nevertheless address the issues he raises in his appeal. "The general rule regarding mootness . . . is tempered by the court's discretionary authority to decide moot issues. When an action involves a matter of continuing public interest that is likely to recur, a court may exercise an inherent discretion to resolve that issue, even if an event occurring during the pendency of the appeal normally would render the matter moot. [Citations.]" (*Building a Better Redondo, Inc.*, *supra*, 203 Cal.App.4th at p. 867.)

We decline to exercise our discretion to decide the substance of appellant's appeal. The issues regarding whether section 5350, subdivision (e)(4) violates appellant's constitutional rights to equal protection and due process were never raised below. We are not inclined to consider these issues in the first instance here. As appellant acknowledges, the failure to raise an issue below generally results in the forfeiture of the issue on appeal. To avoid forfeiture in this case, appellant includes an ineffective assistance of counsel claim, but resolution of that claim will have no practical impact or provide the parties any effectual relief. Accordingly, we will decline to exercise our discretion to decide the issues raised in this appeal.

## IV. DISPOSITION

The appeal is dismissed as moot.

6

_____
BAMATTRE-MANOUKIAN, J.


WE CONCUR:




_____
ELIA, ACTING P.J.




_____
DANNER, J.




*Warren, as Public Guardian, Santa Clara County v. M.M.*
**H047439**